UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO: 5:06-CV-41-R

ROGER AND KERRY YOCUM, et al

                        PLAINTIFFS
                      COUNTER DEFENDANTS

v.

CHOATE'S HARBOR HILL MARINA, INC., et al

                        DEFENDANTS
                      COUNTER CLAIMANTS

## MEMORANDUM OPINION

This matter is before the Court upon the Defendant/Counter Claimant Gray's Services, Inc.'s Motion for Summary Judgment (Docket #52). The Plaintiffs responded (Docket #64) and the Defendant/Counter Claimant replied (Docket #65). This matter is ripe for adjudication. For the following reasons, the Defendant/Counter Claimant's Motion is **GRANTED**.

## BACKGROUND

On October 27, 2003, the Plaintiffs Roger and Kerry Yocum ("the Yocums") contracted with the Defendant/Counter Claimant Choate's Harbor Hill Marina, Inc. ("Harbor Hill") to perform remodeling, renovating, and refitting services to their 64' Continental Custom Yacht, the Never Never. The Yocums delivered the yacht to Harbor Hill Marina on Kentucky Lake on or about November 1, 2003, with an original completion date for the work of April 2004, although this date was subsequently extended.

The Defendant/Counter Claimant Gray's Services, Inc. ("Gray's Services") was hired by Harbor Hill as a subcontractor to perform glass work on the yacht. In February 2006, after expressing dissatisfaction with the progress on the vessel, the Yocums removed the Never Never from Harbor Hill Marina and moved it to Green Turtle Bay Marina on Lake Barkley.

On March 28, 2006, the Yocums filed suit against Harbor Hill in this Court, alleging that Harbor Hill is in breach of contract for negligently performing the contracted-for remodeling, renovation, and refitting of the Never Never. Harbor Hill and several subcontractors, including Gray's Services, filed suit against the Yocums in Calloway Circuit Court, Calloway County, Kentucky, for the payment of unpaid invoices arising out of the renovation and repair of the Never Never. That case was removed to this Court on April 13, 2004 and consolidated with the Youcum's suit on May 12, 2006, forming the present action.

In the counterclaim against the Yocums, Gray's Services' asserts a claim for $2,706.65, the amount it contends it is owed for the work it completed on the Never Never. Gray's Services alleges that the Yocums have refused to pay that sum even though none of the Plaintiff's experts have any criticism of the work it performed on the Never Never. However, Gray's Services now asserts that its insurance carrier has agreed to pay the contested amount. Therefore, Gray's Services filed the instant Motion for Summary Judgment, seeking to be dismissed from this case.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party

bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

In reality, what Gray's Services seeks is a dismissal from this case. In its Motion for Summary Judgment, Gray's Services does not seek any type of award from this Court. In fact, the concluding sentence of the memorandum accompanying the motion states "...there is no reason why Gray's Services, Inc. cannot be dismissed on any and all claims in the instant action." It appears to the Court that what Gray's Services really wants is to simply be relieved of its obligation to continue with the claim it brought against the Yocums for payment for its work on the Never Never.

The Yocums have not filed suit against Gray's Services. Instead, the Yocums filed suit against Harbor Hill, with whom they had a contract for the remodeling and renovation work on the Never Never. Harbor Hill then hired Gray's Services to install glass on the fly bridge of the yacht. After the Yocums removed the vessel from Harbor Hill Marina, Harbor Hill and Gray's Services, along with other subcontractors, together filed suit against the Yocums in order to

recover alleged unpaid invoices for their work. Harbor Hill and Gray's Services have filed no claims against each other, and the Yocums have filed no cross-claims against Gray's Services.

Gray's Services contends that its dismissal from the lawsuit and the payment of its outstanding invoice by its own insurance carrier will relieve both the Yocums and Harbor Hill of any obligation for payment of the work performed on the Never Never. Gray's states that it will no longer seek compensation from the Yocums if it is dismissed from this suit.

In their response to Gray's Services' Motion for Summary Judgment, the Yocums state that Gray's Services should be kept in this matter because they should not be obligated to pay Gray's, as they have no contract. As previously established, Gray's Services is no longer seeking compensation from the Yocums. Thus, this argument is without merit.

The Yocums then state that Gray's Services should not be granted summary judgment because Harbor Hill thinks Gray's Services "butchered" the job. The Yocums cite portions of the deposition of Bob Choate, the president of Harbor Hill, for this proposition. Gray's Services disputes this contention, and counters that Bob Choate in fact has no criticism of its work. However, Bob Choate and/or Harbor Hill's opinions regarding Gray's Services' work are of no consequence because Harbor Hill has no claim against Gray's Services in this suit. Therefore, any opinions the Yocums think Harbor Hill may have regarding Gray's Services' work have no bearing on this motion for summary judgment.

Given all of this, the Court finds there is no genuine of material fact between the Yocums and Gray's Services. In essence, Gray's seeks to be dismissed from its claim against the Yocums for unpaid invoices as it will receive the amount it seeks from its insurance carrier. Therefore, there is no purpose for Gray's Services to remain as a party in this action.

## CONCLUSION

For the foregoing reasons, the Defendant/Counter Claimant's Motion for Summary Judgment is **GRANTED**.

An appropriate order shall issue.